**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| Anonymous | |
| Plaintiff, | Civil Action No.: _____ |
| vs. | **MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |
| IntraFi LLC; | |
| Nexus Buyer LLC; | |
| Mark Jacobsen; and | |
| Susan Gayle | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff respectfully moves this Court for leave to proceed under the pseudonym "Anonymous." While a party's name is generally a matter of public record, the Fourth Circuit and this district have repeatedly recognized that anonymity is warranted under certain circumstances where a party's privacy interests, safety, or the risk of retaliation outweigh the public's interest in open judicial proceedings. *See Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014); *James v. Jacobsen*, 6 F.3d 233 (4th Cir. 1993).

As set forth below and the Complaint (Dkt. 1), Plaintiff faces a substantial risk of professional, financial, and reputational harm should her identity be publicly disclosed. Plaintiff's claims arise from her whistleblower reports concerning significant compliance failures, internal-control deficiencies, and a major data-breach incident at Defendants IntraFi and Nexus. These

1

matters are highly sensitive, involve federal regulatory bodies, and have already resulted in Plaintiff's abrupt termination. Public identification at this stage would needlessly expose her to additional retaliation and impair her ability to obtain future employment in her specialized field.

For these reasons, and those further detailed below, Plaintiff respectfully requests that the Court permit her to proceed anonymously.

## **BACKGROUND**

Plaintiff is a former Chief Risk Officer ("CRO") at Defendants IntraFi and Nexus. As set forth in the Complaint (Dkt. 1), Defendants unlawfully retaliated against her for exercising her rights to inform her supervisors about, and refused to participate in, conduct that she reasonably believed violated (a) laws and rules designed to protect consumers from fraudulent practices in connection with the sale of securities, and (b) laws, rules, orders, standards, or prohibitions subject to the jurisdiction of, or enforceable by the Federal Reserve Board, the Federal Deposit Insurance Corporation, and the Office of Comptroller of the Currency.

Prior to hiring Plaintiff, Defendants vetted her for over six months and asked her to participate in a competitive interview process. Early communications between Plaintiff and Defendants demonstrate that Plaintiff was more than qualified to fill the role of CRO. In fact, Chief Executive Officer (CEO) Marc Jacobsen and Chief Administrative Officer (CAO) Susan Gayle repeatedly told Plaintiff that her breadth of knowledge and experience in this field, especially her Technology and Cyber Security risk management experience, made her a perfect fit for the company.

However, once Plaintiff started to raise concerns about a data breach discovered right after she joined the company, Defendants became visibly alarmed and disturbed that someone who came to do the right thing in risk management would rock the boat and sought to oust her immediately.

Within just a few days of asking questions and offering a plan to rectify the aftermath of the data breach and within 2 days of meeting with the FRB regulators to speak of her concerns, Defendants ostracized her and terminated Plaintiff from her CRO position on March 31, 2026.

But for Plaintiff's protected activity in vocalizing concerns about the company's failure to properly address a company data breach and the company's lack of risk management functions, Defendants would not have retaliated against and ultimately terminated Plaintiff.

Plaintiff acted righteously because she did not want to be held liable for concealing the details of a company's data breach from regulators, publicly traded clients and consumers, nor did she want to let the company operate with known material compliance failures and risk management deficiencies.

As detailed in the Complaint, Defendants subjected Plaintiff to retaliation, including wrongful termination. Defendants' retaliatory conduct against Plaintiff violates Sarbanes Oxley Act, SOX, 18 U.S.C. §1514A, and the Virginia Whistleblower Protection Act, Va. Code § 40.1-27.3. Additionally, Defendants are also in violation of common law charges related to Plaintiff's employment agreement, including breach of contract, negligent and intentional misrepresentation, and fraudulent inducement.

In all, IntraFi, Nexus, and its CEO Jacobsen and CAO Gayle face substantial exposure for its breach of employment agreement with Plaintiff and retaliatory conduct against her.

**LEGAL STANDARD**

The presumptive rule under the Federal Rules of Civil Procedure is that the identities of the parties are included on the pleadings. *See* Fed. R. Civ. P. 10(a). But, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Pub.*

3

*Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). The Fourth Circuit has identified several nonexclusive factors that District Courts should consider in evaluating a motion to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In addition, pursuant to Rule 26(c), the Court has broad authority for "good cause" to "issue an order to protect a party or person from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c). innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In addition, pursuant to Rule 26(c), the Court has broad authority for "good cause" to "issue an order to protect a party or person from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c).

## ARGUMENT

I.  **PUBLICIZING PLAINTIFF'S IDENTITY IDENTIFYING INFORMATION WOULD RISK UNNECESSARILY EXPOSING HER TO FURTHER RETALIATION**

As set forth in the Complaint, Plaintiff has already experienced severe professional and personal consequences as a direct result of reporting misconduct within Defendants' organizations. As the Complaint explains, Plaintiff was abruptly terminated within days of raising concerns about a significant data-breach incident and serious compliance failures at IntraFi and Nexus. After she questioned the company's handling of the breach and met with Federal Reserve Board regulators to convey her concerns, Defendants "ostracized her and terminated [her] from her CRO position on March 31, 2026." This adverse response demonstrates the real and immediate risk of retaliatory action from individuals and entities whose conduct Plaintiff sought to bring to light, even before the initiation of this lawsuit.

4

## II.    THE INTEREST OF THE PARTIES AND OF THE PUBLIC COULD BE UNAFFECTED BY THE RELIEF REQUESTED

Permitting Plaintiff to proceed under a pseudonym will not prejudice Defendants or diminish the public's ability to understand and evaluate the issues in this case. The substance of Plaintiff's allegations are fully described in the Complaint. The facts and legal theories at issue are unaffected by whether Plaintiff's identity appears on the public docket.

Defendants already possess complete knowledge of Plaintiff's identity, employment history, internal communications, whistleblower reports, and the circumstances surrounding her termination. Nothing about pseudonymity will impair Defendants' ability to defend this action, conduct discovery, or assert any legitimate defense.

### CONCLUSION

Plaintiff respectfully requests that the Court enter an order permitting her to proceed under a pseudonym and directing the parties to refrain from posting her identifying information on the Court's docket.

Dated: March 31, 2026

Respectfully submitted:

_____/s/ Grant Morris_
Grant Morris (Virginia Bar #16290)
**SANFORD HEISLER
SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300 Washington, DC 20003
Telephone: (202) 486-0678
Facsimile: (646) 402-5651
Email: gmorris@sanfordheisler.com

Kevin H. Sharp (Tennessee Bar #16287)*
**SANFORD HEISLER
SHARP MCKNIGHT, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7001

5

Facsimile: (615) 434-7020
Email: ksharp@sanfordheisler.com
*Pro hac vice* forthcoming

Sarah Chu*
**SANFORD HEISLER**
**SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202)-499-5200
Facsimile: (646) 402-5651
Email: schu@sanfordheisler.com
*Pro hac vice* forthcoming

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that the above document was electronically filed with the Court and sent via email, this 31st day of March 2026, to:

Ariella Feingold
60 State Street
Boston, MA 02109
(617) 526-6140 (t)
(617) 526-5000(f)
Ariella.feingold@wilmerhale.com

*Attorney for Defendant*

/s/ *Sarah Chu*
Attorney for Plaintiff

7