IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANONYMOUS,                              )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        1:26-cv-880 (LMB/IDD)
                                        )
INTRAFI LLC, et al.,                    )
                                        )
            Defendants.                 )

## ORDER

Before the Court is plaintiff's Motion for Leave to Proceed Anonymously, in which plaintiff argues that she fears that "[p]ublic identification at this stage would needlessly expose her to additional retaliation and impair her ability to obtain future employment in her specialized field." [Dkt. No. 3] at 2. Plaintiff does not work in a clandestine industry, and nothing alleged in the Complaint suggests that there is any unique aspect of either her profession or her former employer, which is one of the defendants in this action, that would justify the extraordinary relief requested.

Court proceedings must be as transparent as possible, and the names of litigants are important components of that transparency. The case upon which plaintiff relies for her request to proceed anonymously, James v. Jacobson, 6 F.3d 233, 328 (4th Cir. 1993), does not support her request because the Court does not find that plaintiff has established that she will face retaliatory physical or mental harm if her name were exposed. Plaintiff has already had her employment terminated by the defendant IntraFi LLC, and as the Fourth Circuit recognized in James, merely wanting to avoid "annoyance or criticism that may attend any litigation" is an insufficient basis to justify a plaintiff proceeding anonymously. 6 F.3d at 238. Accordingly,

plaintiff's Motion for Leave to Proceed Anonymously, [Dkt. No. 3], is DENIED, and it is hereby ORDERED that by April 10, 2026, plaintiff file an Amended Complaint that includes plaintiff's full name and has corrected the factual errors in the Complaint. For example, paragraph 4 of the Complaint alleges that plaintiff was terminated on March 31, 2026, whereas paragraph 12 indicates that plaintiff's dates of employment were March 1, 2025 to March 31, 2025.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 6 day of April, 2026.

Alexandria, Virginia

_____ /s/ _____
Leonic M. Brinkema
United States District Judge

2